## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| **PEAKOPIA, LLC D/B/A PEAKOPIA PRODUCE,** | **Case No.** |
| **Plaintiff,** | |
| **vs.** | |
| **TEXAS PRODUCE COMPANY A/K/A TEXAS PRODUCE CO., INC. AND A/K/A TEXAS PRODUCE COMPANY, INC.; CAROLYN JONES; RICK MORGAN, JR.; CONNIE MORGAN; AND JEFFERY JONES,** | |
| **Defendants.** | |

## CIVIL ACTION COMPLAINT

Defendant, Texas Produce Company a/k/a Texas Produce Co., Inc. and a/k/a Texas Produce Company, Inc. ("TPC") failed to pay for the perishable agricultural commodities it purchased from Plaintiff, Peakopia, LLC d/b/a Peakopia Produce ("Peakopia"). Such failure breaches TPC's contracts with Peakopia and violates its duties under the Perishable Agricultural Commodities Act of 1930 "PACA"), as amended, 7 U.S.C. §§499a-t and the statutory trust established under PACA, 7 U.S.C. §499e(c) (the "PACA Trust"). It also caused Peakopia to incur damages.

Peakopia therefore files this Complaint to enforce its rights and seek damages against Defendants under PACA, federal common law, and state law.

Page 1 of 17

## PARTIES

1.      Plaintiff is Peakopia[1], a Texas limited liability company with its principal

business location in Houston, Texas. Peakopia is doing business as Peakopia Produce.

2.      Defendants are:

    a)      TPC[2], a Texas corporation with its principal business location in

        Houston Texas. TPC is also known as Texas Produce Co., Inc.

        and Texas Produce Company, Inc.

    b)      Carolyn Jones ("Carolyn"), an individual who, upon information

        and belief, resides in this District ("Carolyn").

    c)      Rick Morgan, Jr. ("Rick"), an individual who, upon information

        and belief, resides in this District.

    d)      Connie Morgan ("Connie"), an individual who, upon information

        and belief, resides in Beaumont, Texas.

    e)      Jeffery Jones ("Jeffery"), an individual who, upon information

        and belief, resides in this District.

---

[1] As defined in the opening paragraph, Peakopia is Peakopia, LLC d/b/a Peakopia Produce.

[2] As defined in the opening paragraph, TPC is Texas Produce Company a/k/a Texas Produce Company, Inc. and a/k/a Texas Produce Co., Inc.

## JURISDICTION

3.     Under 28 U.S.C. §1331, this Court has jurisdiction to hear this action, because Peakopia's claims arise under PACA, 7 U.S.C. §499e(b)(2) and 7 U.S.C. §499e(c)(5).

4.     Under 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Peakopia's other claims.

## VENUE

5.     Under 28 U.S.C. §1391(b), venue in this District is proper because a substantial part of the events and omissions underlying this lawsuit occurred in this District; TPC had its principal business location in this District during the transactions at issue; and, the property that is the subject of this action is located here.

## GENERAL ALLEGATIONS

6.     Peakopia buys and sells wholesale quantities of perishable agricultural commodities, or produce, in interstate commerce.

7.     TPC also buys and sells wholesale quantities of produce in interstate commerce.

8.     Between May 11, 2023, and July 25, 2023, Peakopia and TPC entered into multiple contracts for Peakopia to supply and sell, in interstate commerce, produce to TPC totaling $485,912.05.

9.     TPC received and accepted the produce from Peakopia.

10.     Peakopia issued and sent invoices to TPC reflecting the quantities and prices for the produce, and amounts owed by TPC.

11.     Peakopia's invoices to TPC included additional terms and conditions for payment of attorneys' fees, costs, and pre-judgment interest at 18% per year.

12.     TPC never denied receiving Peakopia's invoices or objected to the invoice terms, including the additional terms and conditions regarding attorneys' fees, costs, and pre-judgment interest.

13.     TPC failed to pay Peakopia for the produce.

## CLAIMS FOR RELIEF

## COUNT I: TPC

## BREACH OF CONTRACT

14.     Peakopia re-alleges ¶¶1-13.

15.     As detailed in ¶8, Peakopia and TPC entered into contracts for Peakopia to supply and sell produce to TPC in interstate commerce.

16.     Peakopia supplied the produce to TPC.

17.     TPC received and accepted the produce from Peakopia.

18.     Peakopia issued and sent invoices to TPC for the produce.

19.     Peakopia fully performed all conditions precedent to the agreed contracts.

20.     TPC failed to pay Peakopia for the produce.

21.     Because TPC breached the parties' contracts, Peakopia incurred damages in an amount no less than $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks a judgment in its favor and against TPC in an amount no less than $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT II: ALL DEFENDANTS

### DECLARATORY RELIEF VALIDATING PACA TRUST CLAIM
*7 U.S.C. §499e(c)*

22.     Peakopia re-alleges ¶¶1-13.

23.     As detailed in ¶8, Peakopia and TPC entered into contracts for Peakopia to supply and sell produce to TPC in interstate commerce.

24.     During the transactions at issue, Peakopia was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20180296 issued by the United States Department of Agriculture ("USDA").

25.     During the transactions at issue, TPC was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20091182 issued by the USDA.

26.     When TPC received and accepted the produce, it became a trustee of the PACA Trust for Peakopia's benefit in an amount equal to $485,912.05.

27.     As a PACA licensee, Peakopia preserved its rights as a PACA Trust beneficiary of TPC by including the required statutory statement on the face of each invoice it sent to TPC.

28.     TPC failed to pay Peakopia for the produce.

29.     Peakopia is an unpaid produce supplier and seller and is entitled to PACA Trust protection and payment from TPC's assets subject to the PACA Trust.

For these reasons, Peakopia seeks an Order declaring that it holds a valid PACA Trust claim in an amount no less than $485,912.05 against TPC and that its valid PACA Trust claim includes contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT III: TPC

### CREATION OF COMMON FUND, ENFORCEMENT OF PAYMENT FROM PACA TRUST ASSETS, AND FAILURE TO MAINTAIN PACA TRUST
#### *7 U.S.C. §499e(c)*

30.     Peakopia re-alleges ¶¶1-13 and ¶¶23-29.

31.     Assets subject to the PACA Trust include TPC's inventories of produce, food or products derived from produce, accounts receivable, proceeds of the sale of produce or products, and assets commingled with, purchased with, or otherwise acquired with the sales proceeds (collectively, "PACA Trust Assets").

32.     TPC received and accepted the Produce described in ¶¶8 and 23.

33.     TPC possesses and has custody and control of PACA Trust Assets that belong to Peakopia.

34.     As a PACA trustee, TPC must hold the PACA Trust Assets in trust for the benefit of Peakopia and other unpaid produce sellers and suppliers that hold valid PACA Trust claims, until they have received full payment.

35.     TPC failed to maintain sufficient PACA Trust Assets to fully satisfy all valid PACA Trust claims, including Peakopia's PACA Trust claim in this case.

36.     Because TPC failed to maintain sufficient PACA Trust Assets to satisfy Peakopia's PACA Trust claim, Peakopia has suffered damages in an amount no less than $485,912.05, plus contractual interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks an Order:

(i)     Directing TPC to immediately pay to Peakopia, as its PACA Trust beneficiary, PACA Trust Assets in an amount no less than $485,912.05, plus contractual interest at 18% per year from the date each invoice became past due, costs, and attorneys' fees, together with other relief this Court deems appropriate;

(ii)    Creating a common fund from which all PACA Trust beneficiaries may receive payment;

(iii)   Directing TPC to maintain PACA Trust Assets in an amount no less than $485,912.05, plus the claims of all other unpaid produce

sellers and suppliers that properly preserved their PACA Trust claims;

(iv)    Enjoining TPC from dissipating PACA Trust Assets;

(v)     Directing TPC to replenish the PACA Trust to a level sufficient to satisfy all qualified PACA Trust claims; and

(vi)    Proving other relief this Court deems appropriate.

**COUNT IV: TPC**

**<u>PERMANENT INJUNCTION</u>**

37.    Peakopia re-alleges ¶¶1-13, 23-30, and 31-36.

38.    Peakopia transferred ownership and control of the produce to TPC.

39.    As a PACA licensee, Peakopia preserved its rights as a PACA Trust beneficiary of TPC by including the required statutory statement on each invoice it sent to TPC.

40.    As a PACA trustee, TPC must hold the PACA Trust Assets in trust for the benefit of Peakopia and other unpaid produce sellers and suppliers that hold valid PACA Trust claims, until they have received full payment.

41.    Peakopia suffered actual damages, because TPC failed to maintain and preserve sufficient PACA Trust Assets to fully satisfy Peakopia's PACA Trust claim in this case.

42.    Because TPC breached its duties as a PACA trustee, injunctive relief is necessary to protect Peakopia's interests in the PACA Trust Assets.

43.     Without injunctive relief, TPC will continue to dissipate the PACA Trust Assets to the point that Peakopia is neither likely to recover the PACA Trust Assets, nor receive the proceeds of such assets from TPC.

44.     Allowing TPC to dissipate PACA Trust Assets constitutes irreparable harm.

45.     Entering an injunction will force TPC to comply with its pre-existing duties under the PACA Trust.

46.     Entering an injunction is in the public interest and will follow Congress' intent in enacting the PACA Trust.

For these reasons, Peakopia seeks an Order

(a)     Permanently enjoining Defendants and their respective officers, agents, servants, employees, subsidiaries or related companies, financial and banking institutions, and attorneys, together with all other persons in active concert or participation with the aforementioned parties, from dissipating, paying, transferring, encumbering, assigning or selling any assets of TPC subject to the PACA Trust or paying any PACA Trust asset to any creditor, person, or entity until further order of this Court, full payment to Peakopia by cashier's check or certified check, or upon Peakopia's agreement.

(b)     Compelling TPC to produce:

(1)   Bank account statements, showing all debit and credit items, checks, wire confirmations, check registers, and check stubs from January 1, 2023, through and including the date of the Permanent Injunction;

(2)   A current detailed, aged accounts payable statements;

(3)   A current detailed, agent accounts receivable statements; and

(4)   List of all assets and equipment owned at any time over the last year from the date of the Permanent Injunction.

## COUNT V: TPC

### FAILURE TO PROMPTLY PAY
*7 U.S.C. §499b(4)*

47.   Peakopia re-alleges ¶¶1-13.

48.   During the transactions at issue, TPC was a commission merchant, dealer, or broker subject to PACA, and held valid PACA license number 20091182 issued by the USDA.

49.   In this capacity, TPC must tender full payment promptly to its unpaid produce suppliers and sellers.

50.   TPC failed to pay Peakopia for the Produce subject to this lawsuit within the applicable payment term.

51.     Because TPC failed to pay promptly for the Produce, Peakopia has suffered damages in an amount no less than $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks an Order directing TPC to immediately pay Peakopia an amount no less than $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate.

## COUNT VI: CAROLYN

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

52.     Peakopia re-alleges ¶¶1-13, 23-30, 31-36, and 38-46.

53.     During the transactions at issue, TPC reported Carolyn as a principal on the company's PACA license.

54.     During the transactions at issue, Carolyn was the president and a shareholder of TPC.

55.     In her capacity, Carolyn controlled, or was in a position to control, TPC's PACA Trust Assets.

56.     Carolyn had full knowledge and responsibility for TPC's operations and financial dealings.

57.     TPC had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

58.     Carolyn had a duty to ensure that TPC fulfilled its duties as trustee of the PACA Trust.

59.     TPC breached its fiduciary duty to Peakopia by failing to maintain sufficient PACA Trust Assets to pay Peakopia's PACA Trust claim.

60.     Carolyn breached her fiduciary duties by failing to ensure that TPC fulfill its duties as PACA trustee.

61.     Because Carolyn breached her fiduciary duty, Peakopia has suffered damages in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks a judgment in its favor and against Carolyn in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets Peakopia receives from TPC.

## COUNT VII: RICK

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

62.     Peakopia re-alleges ¶¶1-13, 23-30, 31-36, and 38-46.

63.     During the transactions at issue, Rick was an officer, shareholder, director, or employee of TPC.

64.     In his capacity, Rick controlled, or was in a position to control, TPC's PACA Trust Assets.

65.    Rick had full knowledge and responsibility for TPC's operations and financial dealings.

66.    TPC had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

67.    Rick had a duty to ensure that TPC fulfilled its duties as trustee of the PACA Trust.

68.    TPC breached its fiduciary duty to Peakopia by failing to maintain sufficient PACA Trust Assets to pay Peakopia's PACA Trust claim.

69.    Rick breached his fiduciary duties by failing to ensure that TPC fulfill its duties as PACA trustee.

70.    Because Rick breached his fiduciary duty, Peakopia has suffered damages in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks a judgment in its favor and against Rick in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets Peakopia receives from TPC.

## COUNT VIII: CONNIE

### BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

71.    Peakopia re-alleges ¶¶1-13, 23-30, 31-36, and 38-46.

72.     During the transactions at issue, Connie was an officer, shareholder, director, or employee of TPC.

73.     During the transactions at issue, Connie was the president and shareholder of TPC.

74.     In her capacity, Connie controlled, or was in a position to control, TPC's PACA Trust Assets.

75.     Connie had full knowledge and responsibility for TPC's operations and financial dealings.

76.     TPC had a fiduciary duty as a PACA trustee to maintain sufficient PACA Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

77.     Connie had a duty to ensure that TPC fulfilled its duties as trustee of the PACA Trust.

78.     TPC breached its fiduciary duty to Peakopia by failing to maintain sufficient PACA Trust Assets to pay Peakopia's PACA Trust claim.

79.     Connie breached her fiduciary duties by failing to ensure that TPC fulfill its duties as PACA trustee.

80.     Because Connie breached her fiduciary duty, Peakopia has suffered damages in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks a judgment in its favor and against Connie in an amount equal to $485,912.05, plus contractual interest at 18% per year from the

date each invoice become past due, costs, and attorneys' fees, together with other relief

this Court deems appropriate, less any PACA Trust Assets Peakopia receives from

TPC.

## COUNT IX: JEFFERY

## BREACH OF FIDUCIARY DUTY TO PACA TRUST BENEFICIARIES

81.     Peakopia re-alleges ¶¶1-13, 23-30, 31-36, and 38-46.

82.     During the transactions at issue, Jeffery was an officer, shareholder,

director, or employee of TPC.

83.     In his capacity, Jeffery controlled, or was in a position to control, TPC's

PACA Trust Assets.

84.     Jeffery had full knowledge and responsibility for TPC's operations and

financial dealings.

85.     TPC had a fiduciary duty as a PACA trustee to maintain sufficient PACA

Trust Assets to pay all of its PACA Trust beneficiaries as their claims became due.

86.     Jeffery had a duty to ensure that TPC fulfilled its duties as trustee of the

PACA Trust.

87.     TPC breached its fiduciary duty to Peakopia by failing to maintain

sufficient PACA Trust Assets to pay Peakopia's PACA Trust claim.

88.     Jeffery breached his fiduciary duties by failing to ensure that TPC fulfill

its duties as PACA trustee.

89.     Because Jeffery breached his fiduciary duty, Peakopia has suffered damages in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees.

For these reasons, Peakopia seeks a judgment in its favor and against Jeffery in an amount equal to $485,912.05, plus contractual interest at 18% per year from the date each invoice become past due, costs, and attorneys' fees, together with other relief this Court deems appropriate, less any PACA Trust Assets Peakopia receives from TPC.

## COUNT X: CAROLYN, RICK, CONNIE, AND JEFFERY
## UNLAWFUL RETENTION OF PACA TRUST ASSETS

90.     Peakopia re-alleges ¶¶1-13, 23-30, 31-36, and 38-46.

91.     Peakopia believes that TPC transferred PACA Trust Assets to Carolyn, Rick, Connie, and Jeffery (the "Individual Defendants").

92.     Transferring PACA Trust Assets to the Individual Defendants breached TPC's fiduciary duty under the PACA Trust because such assets rightfully belong to Peakopia and other similarly situated PACA Trust beneficiaries of TPC.

93.     The Individual Defendants have received PACA Trust Assets subject to Peakopia's PACA Trust claim for no value and with actual or constructive knowledge of Peakopia' PACA Trust claim.

94.     Because the Individual Defendants unlawfully retained assets impressed with the PACA Trust, Peakopia has suffered damages in an amount totaling the value

of the PACA Trust Assets the Individual Defendants each received, less any PACA

Trust Assets Peakopia recovers directly from TPC.

      For these reason, Peakopia seeks an Order:

(i)     Directing the Individual Defendants to hold any PACA Trust Assets in their respective possession or control in constructive trust for Peakopia's benefit;

(ii)    Directing the Individual Defendants to pay an amount totaling all of the assets they each received that were impressed with the PACA trust to Peakopia; and

(iii)   Entering Judgment against the Individual Defendants in an amount totaling all of the assets they each received that were impressed with the PACA trust up to $485,912.05, plus interest, costs, and attorneys' fees, less any PACA Trust Assets Peakopia recovers from TPC.

      Respectfully submitted on August 1, 2023.

**MEUERS LAW FIRM, P.L.**

By:  /s/ Steven M. De Falco
_____
Steven M. De Falco
Southern District Tx Fed. Id No. 884872
5395 Park Central Court
Naples, FL 34109
Telephone: (239) 513-9191
Facsimile: (239) 513-9677
sdefalco@meuerslawfirm.com

*Attorneys for Plaintiff, Peakopia, LLC*