## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | |
|---|---|
| PEAKOPIA, LLC d/b/a PEAKOPIA | Case No. 4:23-CV-02820 |
| Plaintiff, | |
| DAIRYLAND PRODUCE, LLC d/b/a TEXAS HARVEST COMPANY; et al., | |
| Plaintiff, | |
| TEXAS PRODUCE COMPANY a/k/a TEXAS PRODUCE CO., INC. a/k/a TEXAS PRODUCE COMPANY, INC.; et al., | |
| Defendants. | |
| DAVID OPPENHEIMER & COMPANY I, LLC; SPICE WORLD, LLC; and TOM LANGE COMPANY, INC. | |
| Intervenor-Plaintiffs, | |
| TEXAS PRODUCE COMPANY a/k/a TEXAS PRODUCE CO., INC. a/k/a TEXAS PRODUCE COMPANY, INC.; CAROLYN JONES; RICK MORGAN, JR.; CONNIE MORGAN; and JEFFERY JONES, | |
| Defendants. | |

## COMPLAINT IN INTERVENTION

Leave of Court first being granted (Consent Preliminary Injunction Doc. No. 36,

¶ 54), Intervenor-Plaintiffs David Oppenheimer & Company I, LLC ("Oppenheimer"),

1

Spice World, LLC ("Spice World"), and Tom Lange Company, Inc. ("Tom Lange") (collectively referred to as "Intervenor-Plaintiffs") bring this civil action against Defendants Texas Produce Company a/k/a Texas Produce Co., Inc. a/k/a Texas Produce Company, Inc., Carolyn Jones, Rick Morgan, Jr., Connie Morgan and Jeffery Jones (collectively referred to as "Defendants") for damages and complain and allege as follows:

## I.

## JURISDICTION, VENUE AND PARTIES

1.     This court has jurisdiction over this case pursuant to the Perishable Agricultural Commodities Act of 1930 as amended ("PACA"),7 U.S.C. §499ec(5)(i)  and pursuant to 28 U.S.C. §1331.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C.  §1367(a) and ancillary jurisdiction to hear and determine all related state-based claims.

2.     Venue is proper in this district pursuant to 28 U.S.C. §1391 in that the sales transactions which are the subject of this action occurred in this district and the Defendants are domiciled in this district.

3.     Oppenheimer is and during all times herein has been a limited liability company formed in Washington with its principal place of business in Seattle, Washington.

4.     Spice World is and during all times herein has been a limited liability company formed in Florida with its principal place of business in Orlando, Florida

5.     Tom Lange is and during all times herein has been a corporation incorporated in Missouri and with its principal place of business in St. Louis, Missouri.

6.      Intervenor-Plaintiffs are informed, believe and thereon allege that Defendant Texas Produce Company a/k/a Texas Produce Co., Inc. a/k/a Texas Produce Company, Inc. ("Texas Produce") is a corporation incorporated in Texas with its principal place of business located at 3186 Produce Row, Houston, TX  77023.

7.      Intervenor-Plaintiffs are informed, believe and thereon allege that Defendant Carolyn Jones is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Texas Produce and who resides within the jurisdictional boundaries of this court.

8.      Intervenor-Plaintiffs are informed, believe and thereon allege that Defendant Rick Morgan Jr. is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Texas Produce, and who resides within the jurisdictional boundaries of this court.

9.      Intervenor-Plaintiffs are informed, believe and thereon allege that Defendant Connie Morgan is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Texas Produce, and who resides within the jurisdictional boundaries of this court.

10.      Intervenor-Plaintiffs are informed, believe and thereon allege that Defendant Jeffery Jones is an individual who during all times material herein was an officer, director, member, shareholder and/or owner of Texas Produce, and who resides within the jurisdictional boundaries of this court.

11.      Intervenor-Plaintiffs are informed, believe, and thereon allege that the Carolyn Jones, Rick Morgan, Jr., Connie Morgan, and Jeffery Jones (collectively the

"Individual Defendants") are, and during all times relevant herein, were: (i) insiders with actual and constructive knowledge of the PACA trust and the trust assets involved in this lawsuit; (ii) responsible for the daily management and control of Texas Produce: and (iii) statutory trustees under the PACA in positions to control the PACA trust assets that are the subject of this lawsuit.

12.    Intervenor-Plaintiffs are informed, believe and thereon allege that during all time material herein, Texas Produce operated under PACA license no. 20091182, registered in the name of Texas Produce Company Inc.

## II.

## FACTUAL BACKGROUND

13.    Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 12,  inclusive, of this Complaint as though fully set forth herein.

14.    Intervenor-Plaintiffs are suppliers of fresh produce.  This lawsuit arises from sales of fresh produce made by Intervenor-Plaintiffs and several other produce suppliers to Texas Produce.

15.    PACA requires that produce buyers make full payment promptly for all produce purchases.  Failure to do so is a violation of the PACA trust.  7 U.S.C. § 499b(4); 7 C.F.R. § 46.2(aa).

16.    This failure to pay produce suppliers and the necessity for emergency injunctive relief led Peakopia, LLC d/b/a Peakopia Produce ("Peakopia") to commence this action against Defendants on August 1, 2023 (Complaint, Doc. No. 1), seeking to enforce its rights under the trust provisions of Section 5(c) of the PACA, 7 U.S.C. §499e(c).

17.     A Consent Preliminary Injunction, Consolidation and PACA Trust Claims Procedure was issued on November 13, 2023 (Doc. No. 36).  Intervenor-Plaintiffs, herein, file and serve this Intervenor-Complaint, and accompanying proof of claims, in compliance with the  Consent Preliminary Injunction.

18.     Texas Produce has ceased all business operations and its assets are insufficient to pay the Intervenor-Plaintiffs and all other similarly situated Plaintiffs and Intervenor-Plaintiffs.

### III.

### FIRST CAUSE OF ACTION

### (Breach of Contract – Against Texas Produce)

19.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 18,  inclusive, of this Complaint as though fully set forth herein.

20.     Between on or about March 30, 2023 and May 23, 2023, in a series of transactions, Oppenheimer sold and shipped perishable agricultural commodities to Texas Produce.

21.     At or about the date of each transaction referred to in the preceding paragraph,  Oppenheimer forwarded to Texas Produce invoices for said transactions setting forth in detail the amounts owed for purchases of the commodities.

22.     Oppenheimer has repeatedly demanded that Texas Produce pay the amounts due and owing under the invoices.  However, Texas Produce has failed and refused, and continues to fail and refuse, to pay Oppenheimer for the produce purchased. The total principal amount under Oppenheimer's invoices that remains unpaid is $16,528.02.

23.     Oppenheimer has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

24.     Between on or about April 3, 2023 and July 10, 2023, in a series of transactions, Spice World sold and shipped perishable agricultural commodities to Texas Produce.

25.     At or about the date of each transaction referred to in the preceding paragraph, Spice World forwarded to Texas Produce invoices for said transactions setting forth in detail the amounts owed for purchases of the commodities.

26.     Spice World has repeatedly demanded payment for the amounts due and owing under the invoices to Texas Produce.  However, Texas Produce  has failed and refused, and continues to fail and refuse, to pay Spice World for the produce purchased. The total principal amount under Spice World's invoices that remains unpaid is $13,364.82.

27.     Spice World has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

28.     Between on or about May 5, 2023 and July 21, 2023, in a series of transactions, Tom Lange sold and shipped perishable agricultural commodities to Texas Produce.

29.     At or about the date of each transaction described above, Tom Lange forwarded to Texas Produce invoices for said transactions setting forth in detail the amounts owed for purchases of the commodities.

30.     Tom Lange has repeatedly demanded payment for the amounts due and owing under the invoices to Texas Produce.  However, Texas Produce  has failed and refused, and continues to fail and refuse, to pay Tom Lange for the produce purchased. The total principal amount under Tom Lange's invoices that remains unpaid is $85,231.75.

31.     Tom Lange has performed all conditions, covenants and obligations required to be performed by it under the agreements for sales of produce as set forth herein.

32.      As a direct and proximate result of the failure of Texas Produce to remit payment due to Intervenor-Plaintiffs as described above, Intervenor-Plaintiffs have suffered losses in the aggregate principal amounts of at least $115,124.59, plus interest and recoverable attorneys' fees and costs.

## IV.

## SECOND CAUSE OF ACTION

## (Enforcement of Statutory Trust Provisions of PACA – Against All Defendants)

33.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 32, inclusive, of this Complaint as though fully set forth herein.

34.     Intervenor-Plaintiffs at all times relevant herein were engaged in the business of selling and/or shipping perishable agricultural commodities as defined by PACA [7 U.S.C. §499a(4)].  In addition, Plaintiff Oppenheimer operated at all times relevant to this Complaint under PACA license no. 19981951.  Plaintiff Spice World operated at all relevant times under PACA license no. 20190070.  Plaintiff Tom Lange operated at all relevant times under PACA license no. 19711239.

7

35.     The perishable agricultural commodities that are the subject of this action were purchased and sold in or in contemplation of the course of interstate and/or foreign commerce.

36.     Pursuant to 7 U.S.C. §499e(c)(1)-(4) of the PACA, upon receipt of the produce sold by Intervenor-Plaintiffs to Defendants, Intervenor-Plaintiffs became beneficiaries of a floating, non-segregated statutory trust on all of Defendants' perishable agricultural commodities, all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such perishable agricultural commodities or products or assets derived therefrom.

37.     Pursuant to the statutory trust provisions of PACA [7 U.S.C. §499e(c)(1)-(4)], Intervenor-Plaintiffs are informed and believe and thereon allege that Intervenor-Plaintiffs have performed and fulfilled all duties required to preserve their trust benefits in the principal amounts of at least $115,124.59, the perishable agricultural commodities sold to Texas Produce, all of which remains past due and unpaid.

38.     All invoices generated by Intervenor-Plaintiffs for perishable agricultural commodities sold to Texas Produce included the language prescribed by 7 U.S.C. §499(e)(c)(4) as notification of their intent to preserve benefits of the statutory trust.

39.     Spice World's invoices to Defendant Texas Produce also contained the following written terms providing for recovery and attorney's fees: "Should any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and the duties of any party hereto or in the interpretation of the contract, the prevailing party in such action shall be entitled to, in addition to other such relief as may

8

be granted, an award as and for the actual attorney's fees and costs in bringing such action and/or enforcing any judgment granted herein."

40.     Oppenheimer's invoices to Defendant Texas Produce also contained the following written terms providing for recovery of interest and attorney's fees: "A FINANCE CHARGE calculated at the rate of 1 ½% PER MONTH (18% ANNUALLY), or at the highest rate permitted by law, will be applied to all PAST DUE ACCOUNTS. Should any action be commenced between the parties to this contract concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of this contract, the prevailing party in such action shall be entitled to, in addition to such other relief as may be granted, an award as and for the reasonable attorney's fees and costs in bringing such action and/or enforcing any judgment granted therein."

41.     Tom Lange's invoices to Defendant Texas Produce also contained the following written terms providing for recovery of interest and attorney's fees: "In the event legal action is commenced to collect the sums due under this Invoice, seller shall be entitled to reimbursement of costs and all attorney's fees incurred thereby in addition to any other damages allowed by law.  A finance charge calculated at the rate of 1.5% per month (18% annually), or at the highest rate permitted by law, will be applied to all past due accounts."

42.     The aforementioned terms on each of the Intervenor-Plaintiffs' invoices regarding recovery of interest, attorneys' fees, and costs, and all invoice terms identified in this Complaint, are bargained-for terms of contract.  Accordingly, each of the Intervenor-Plaintiffs are entitled to interest and attorneys' fees in addition to the principal amounts

due from Defendants, and such interest and attorneys' fees are part of the PACA trust assets to which each Plaintiff is entitled.

43.    Intervenor-Plaintiffs are informed and believe for the reasons alleged herein above that Defendants, and each of them, are statutory trustees under PACA.  The PACA trust requires Defendants, and each of them, to hold and preserve such goods, inventories, proceeds and receivables in trust for the benefit of Intervenor-Plaintiffs until full payment has been made to Plaintiff.  Intervenor-Plaintiffs are informed and believe and thereon allege that Defendants have failed to maintain the trust assets and keep them available to satisfy Defendants' obligations to Intervenor-Plaintiffs in that said Defendants have failed to perform the requirements of said statutory trust provisions, express and implied, and have breached their fiduciary duties to maintain the trust assets, all in violation of the provisions of the PACA Title 7, U.S.C. §499(b)(4) and 7 Code of Federal Regulation §46.46 (1984) and all other pertinent regulations issued by the Secretary of Agriculture pursuant to the PACA.

44.    Intervenor-Plaintiffs are informed and believe and upon that basis allege that during times relevant herein, Defendants transferred or diverted the trust assets, and are continuing to so transfer or divert trust assets, namely receivables or proceeds derived from Defendants' sale of produce, to their own use and/or to an unknown third party or parties, in violation of their statutory duties under the PACA to preserve the trust assets for the benefit of Intervenor-Plaintiffs [7 C.F.R. §46.46(c)].  The statutory trust created by the PACA unequivocally gives priority to the interest of Intervenor-Plaintiffs on all inventories of products derived from perishable agricultural commodities, and any receivables or

proceeds from the sale of such commodities or products that have been transferred to secured or unsecured creditors.

## V.

## THIRD CAUSE OF ACTION

**(For Violation of the Perishable Agricultural Commodities Act:  Failure to Account And Pay Promptly Against Texas Produce)**

45.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 44, inclusive, of this Complaint as though fully set forth herein.

46.     Intervenor-Plaintiffs have repeatedly demanded that Texas Produce pay the amounts due stated above, for produce sold and delivered to Texas Produce as described above.  Despite these demands, Texas Produce has failed and refused to truly, correctly and accurately account for and make full payment of the proceeds of those transactions. Therefore, Texas Produce has failed to perform the requirements of said contracts of sale, express and implied, and has breached its duty to account and pay for the produce sold, and has diverted PACA trust assets to third parties, all in violation of the provisions of the PACA Title 7, U.S.C. §499e *et seq.* (1930), and all other pertinent regulations issued by the Secretary of Agriculture to the PACA.

47.     As a direct and proximate cause and result of the wrongful acts and omissions of Texas Produce as alleged above, Intervenor-Plaintiffs have suffered losses in the principal amount of $115,124.59 due and owing to them and wrongfully withheld or wrongfully diverted by Texas Produce, plus interest and reasonable attorneys' fees and costs.

## VI.

## FOURTH CAUSE OF ACTION

### (For Breach of Fiduciary Duty Against All Defendants)

48.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 47, inclusive, of this Complaint as though fully set forth herein.

49.     Intervenor-Plaintiffs are informed, believe and thereon allege that during times relevant to this action, the Individual Defendants were controlling officers, directors, members, shareholders and/or owners of Texas Produce.

50.     As controlling officers, directors, members, shareholders and/or owners of Texas Produce, the Individual Defendants had and continue to have a duty to ensure that Texas Produce fulfilled its duties as a PACA trustee and maintained PACA Trust Assets in such a manner so as to ensure there were, at all times, sufficient Trust Assets available to satisfy all outstanding PACA trust obligations, such as that owed to Intervenor-Plaintiffs, as the obligations became due.

51.     Intervenor-Plaintiffs are informed, believe and thereon allege that during times herein the Individual Defendants had full knowledge and responsibility for the handling of Texas Produce' duties as trustees of the PACA trust.

52.     Intervenor-Plaintiffs are informed, believe and thereon allege that the Individual Defendants controlled or had and continue to have a duty to control Texas Produce's operations and financial dealings, including those involving the PACA Trust Assets.

53.     Intervenor-Plaintiffs are informed, believe and thereon allege that the Individual Defendants breached their fiduciary duties to maintain sufficient PACA Trust Assets to pay all PACA trust claims as they became due.

54.     Intervenor-Plaintiffs are informed, believe and thereon allege that the Individual Defendants breached their fiduciary duties to direct Texas Produce to fulfill its duty as a PACA trustee to preserve and maintain sufficient PACA Trust Assets to pay Intervenor-Plaintiffs for the produce it supplied.

55.     As a direct and proximate cause and result of these breaches of fiduciary duties owed to Intervenor-Plaintiffs by the Defendants, Intervenor-Plaintiffs have incurred damages. These damages include the principal amounts of at least $115,124.59, plus interest, and any recoverable attorneys' fees and costs, all of which qualifies for protection under the PACA trust.

56.     As statutory PACA trustees, the  Defendants are jointly and severally liable for all breaches of fiduciary duties by any and all Defendants in dissipating the PACA trust to the extent of the damages separately set forth above (plus less any monies Intervenor-Plaintiffs receive from the PACA Trust Assets).

## VII.

## FIFTH CAUSE OF ACTION

### (For Unjust Enrichment Against All Defendants)

57.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 56, inclusive, of this Complaint as though fully set forth herein.

58.     Defendants have converted, or are now in the process of converting, to their

own use and benefit, the goods delivered to Defendants by Intervenor-Plaintiffs, and/or the proceeds therefrom, in the principal amounts of $115,124.59.

59.     If the Defendants are allowed to continue to convert and/or use such goods and/or proceeds, they will be unjustly enriched to the detriment of Intervenor-Plaintiffs.

60.     As a direct and proximate result of the wrongful conversion of funds due to Intervenor-Plaintiffs, Intervenor-Plaintiffs have been damaged and Defendants have been unjustly enriched in the principal amounts set forth above, and are liable to Intervenor-Plaintiffs for these amounts, plus interest and attorney's fees and costs pursuant to the terms of the written agreements with each Plaintiff.

## VIII.

## SIXTH CAUSE OF ACTION

## (For Conversion Against All Defendants)

61.     Intervenor-Plaintiffs are informed, believe and thereon re-allege and incorporate by reference paragraphs 1 through 60, inclusive, of this Complaint as though fully set forth herein.

62.     At all times relevant herein, Intervenor-Plaintiffs were and currently are entitled to possession of the specific sums as alleged herein in the total cumulative principal amounts of $115,124.59.

63.     During times relevant herein, and continuing thereafter, Intervenor-Plaintiffs have repeatedly demanded the immediate turnover of the above-mentioned sums but Defendants have failed and refused and continue to fail and refuse to turn over such sums of money to Intervenor-Plaintiffs.

64.     Intervenor-Plaintiffs are informed and believe and thereon allege that Defendants have diverted payments of Texas Produce's accounts receivable, assets of the PACA trust, and monies due and owing to Intervenor-Plaintiffs to themselves and to other unknown third parties.

65.     Therefore, Defendants are liable to each of the Intervenor-Plaintiffs for the aforementioned principal amounts, plus interest and recoverable fees and costs.

## IX.

## SEVENTH CAUSE OF ACTION

## (For Declaratory Relief Against All Defendants)

66.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 65, inclusive, of this Complaint as though fully set forth herein.

67.     An actual controversy has arisen and now exists relating to the rights and duties of the parties herein in that the Intervenor-Plaintiffs contend the PACA trust requires the Defendants to preserve the trust assets for the benefit of Intervenor-Plaintiffs until Intervenor-Plaintiffs are fully paid and Defendants have failed or otherwise refused to acknowledge the validity of the statutory trust provisions.

68.     Intervenor-Plaintiffs seek an order of this Court declaring that the PACA trust assets never became the property of Defendants and Intervenor-Plaintiffs' PACA trust claims are superior to and have priority as against any and all claims which Defendants might assert to the accounts receivable, inventory and proceeds of Defendants, to the extent such receivables, inventory and proceeds constitute the corpus of the PACA trust funds to which Intervenor-Plaintiffs are beneficiaries. Intervenor-Plaintiffs would show that any

perfected security interest a third party might have in Defendant Texas Produce's accounts receivable, inventory or proceeds is secondary and specifically avoidable, as a matter of law, to satisfy payments to PACA trust beneficiaries such as Intervenor-Plaintiffs.

## X.

## <u>EIGHTH CAUSE OF ACTION</u>

## (For Finance Charges and Recoverable Attorneys' Fees – Against All Defendants)

69.     Intervenor-Plaintiffs hereby re-allege and incorporate by reference paragraphs 1 through 68, inclusive, of this Complaint as though fully set forth herein.

70.     Pursuant to PACA, 7 U.S.C. §499e(c) and the Code of Federal Regulations promulgated there under, Defendants were statutorily required to maintain a trust in such amount in favor of Intervenor-Plaintiffs in order to make full payment to Intervenor-Plaintiffs.

71.     As a result of the failure of Defendants to maintain the trust and to make full payment promptly, Intervenor-Plaintiffs have been required to pay attorneys' fees and costs in order to bring this action to compel payment of the trust *res.*

72.     As a further result of the failure of Defendants to comply with their statutorily mandated duties to maintain the trust and make full payment promptly, Intervenor-Plaintiffs have lost the use of said money.

73.     Intervenor-Plaintiffs will not receive full payment as required by PACA, 7 U.S.C. §499e(c) if Intervenor-Plaintiffs must expend part of said payment on attorneys' fees, costs and loss of interest due to violations by Defendants of their statutory duties to maintain the trust and make full payment promptly.

74.     Spice World, Oppenheimer and Tom Lange's invoices for the produce transactions underlying this lawsuit contained written provisions for attorneys' fees. Accordingly, Spice World, Oppenheimer and Tom Lange are entitled to and request judgment against Defendants, jointly and severally, for costs and attorneys' fees pursuant to their written contract terms.

75.     Oppenheimer and Tom Lange's invoices for the produce transactions underlying this lawsuit contained written provisions for recovery of interest on unpaid balances at the rate of 18% per annum.   These provisions were bargained-for terms of the contract and are sums owing in connection with the transaction.  Spice World is entitled to interest charges on all unpaid balances at the statutory rate of 6% per annum pursuant to Texas Finance §302.002.  Spice World, Oppenheimer and Tom Lange are entitled to and requests judgment against Defendants, jointly and severally, for pre-judgment interest and/or finance charges.

76.     In addition to the above, Intervenor-Plaintiffs also maintain and hereby assert claims and rights for attorneys' fees pursuant to Chapter 38 of the Texas Civil Practice and Remedies Code, with presentment of the claims having been duly made.

**WHEREFORE**, Intervenor-Plaintiffs pray that this Court issue an Order:

A.     Granting judgment in favor of Intervenor-Plaintiffs and against Defendants, jointly and severally, in the aggregate principal amount of $115,124.59;

B.     For interest or finance charges at the following rates:

    a.     18% or the highest legal rate on amounts due to Oppenheimer and Tom Lange from the date the obligation became due and payable, until fully paid; and

    b.     6% or the highest legal rate on amounts due to Spice World from the date the obligation became due and payable, until fully paid;

C.     For reasonable attorneys' fees and costs incurred herein;

D.     For an order requiring all Defendants to immediately account for all PACA trust assets to each of the Intervenor-Plaintiffs;

E.     For a declaratory judgment establishing that:

    a.     The PACA trust funds never became the property of Defendants.

    b.     Intervenor-Plaintiffs' trust claims under the PACA are superior to and take priority over the secured and unsecured claims, if any, against Defendants' accounts receivable, inventory and the proceeds;

F.     For enforcement of the trust provisions of the Perishable Agricultural Commodities Act through payment of the aggregate principal amount due of $115,124.59;

/ / /

/ / /

/ / /

18

G.      For additional interest, attorneys' fees or other charges pursuant to the express terms and conditions of the contracts for sale between Texas Produce and the Intervenor-Plaintiffs; and

H.      For such other and further relief as this Court deems proper.

Respectfully submitted,

DATED: December 13, 2023            /s/  Jessie Lopez
                                   JESSIE LOPEZ
                                       TX Bar No. 24041357
                                   DAVIDSON TROILO REAM & GARZA
                                   601 NW Loop 410, Suite 100
                                   San Antonio, TX  78216
                                   Tel: (210) 349-6484
                                   Fax (210) 349-0041
                                   Email:  jlopez@dtrglaw.com

                                   and

DATED: December 13, 2023            /s/  Elise O'Brien
                                   ELISE O'BRIEN
                                       CA Bar No. 245967
                                       S.D. Texas Fed. ID No.872071
                                   FENNEMORE LLP
                                   2603 Main Street, Suite 1250
                                   Irvine, CA  92614
                                   Tel: (949) 752-2911
                                   Fax (949) 752-0953
                                   Email:  eobrien@fennemorelaw.com

                                   Attorneys   for   Intervenor-Plaintiffs   David
                                   Oppenheimer & Company I, LLC, Spice World,
                                   LLC, and Tom Lange Company, Inc.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the following documents were electronically

filed and served on all parties in the above-captioned matter on this 13th day of December,

2023, as follows:

1. **Complaint in Intervention;**
2. **PACA Proof of Claim of Tom Lange Company, Inc.;**
3. **PACA Proof of Claim of Spice World, LLC; and,**
4. **PACA Proof of Claim of David Oppenheimer & Company, I, LLC**

<u>**Via ECF**</u>

Notice has been electronically served on the following registered counsel of

record via the Court's ECF system:

John McFarland     jmcfarland@jmlawyers.com,
                   jmeisenmenger@jmlawyers.com,
                   srepschleger@jmlawyers.com

Mark Amendola     mamendola@martynlawfirm.com

Richard Fuqua, II     fuqua@fuqualegal.com, fuqua@ecf.courtdrive.com

Steven De Falco     sdefalco@meuerslawfirm.com, lrogers@meuerslawfirm.com

Tony Draper     tdraper@wwmlawyers.com, Docket@walkerwilcox.com,

<u>**Via Electronic Mail (E-Mail)**</u>

The documents were attached to an e-mail and served electronically to Blake Surbey

(bsurbey@mccarronlaw.com).     I did not receive, within a reasonable time after  the

transmission, any electronic message or other indication that the transmission was

unsuccessful.

**Via United States Mail**

The documents were enclosed in a sealed envelope and addressed to the party listed below. The envelope was placed for collection and mailing, following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

Texas Produce Company
P.O. Box 230311
Houston, TX  77223

Respectfully submitted,

DATED: December 13, 2023

/s/  Jessie Lopez
JESSIE LOPEZ
    TX Bar No. 24041357
DAVIDSON TROILO REAM & GARZA
601 NW Loop 410, Suite 100
San Antonio, TX  78216
Tel: (210) 349-6484
Fax (210) 349-0041
Email:  jlopez@dtrglaw.com

and

DATED: December 13, 2023

/s/ Elise O'Brien
ELISE O'BRIEN
   CA Bar No. 245967
   S.D. Texas Fed. ID No.872071
FENNEMORE LLP
2603 Main Street, Suite 1250
Irvine, CA 92614
Tel: (949) 752-2911
Fax (949) 752-0953
Email: eobrien@fennemorelaw.com

Attorneys for Intervenor-Plaintiffs David Oppenheimer & Company I, LLC, Spice World, LLC, and Tom Lange Company, Inc.